called us previously announced the times will be as allotted to counsel the first case today is 13 1 0 6 1 United States v. Ishmael Vazquez mr. Glickman good morning your honor I would like to reserve three minutes of my ten minutes for rebuttal if you may have it thank you this is a case where my client was convicted of various drug conspiracy and drug charges and a firearms charge was sentenced to life without parole in reviewing the dock in reviewing the pleadings in this case it's clear that my client did not receive a fair trial the only overwhelming evidence from the record is there were violations defendants rights to a fair trial from the week throughout the conduct of the trial the closing and in the sentencing starting with the closing which is the most serious I believe violation during the closing the prosecution makes the statement that in rebuttal makes the statement that the government presented 3 10 15 witnesses every witness was and repeated that in various iterations throughout this was an unconstitutional shifting a burden defendant I mean I was able to find only one place in the record where the prosecutor said anything that was that looked to be that these witnesses were credible something like that right he says that more than once well I only found that once and but I'll I'll look in the record there was no objection to it there was no there were very few objections throughout this trial which is the basis of our ineffective claim most of the testimony that came in most of the leading testimony the impermissible hearsay testimony the third hearsay the third level hearsay testimony the non-conspiratorial statements the excessive testimony about murders all that came in without objection the statement with the with the specific statement where he talks about in closing about I submit to you that this witness is telling the truth and that goes to the key witness Noelia Lopez Ortiz was the first Ortiz Lopez who is the first witness but then he followed that statement with listing the reasons why the jury should find the witness was credible he did but including among those reasons a reason which we think are impermissible which or which were intentionally inflammatory and inflammatory in a sense of the fact my client but again without any objection yes there were very few and the statement I submit to you that this witness is telling the truth although we're not fully phrased really is subject to two different interpretations is that it could be with the exception of you have to look at it in the context and if you look at what I am looking at in the context I'm looking at it with the fact that it's immediately followed by a recitation of the reasons why the jury should find the witness credible and among those reasons were that to which I find are are highly inflammatory and basically do not go to the question of truthfulness but rather go to inflame the jury and those are one is that Noelia Lopez Ortiz only had a third grade education that was not educated in effect saying therefore she could not make up a lie because she didn't have the education to do so and the second the second which came in which I think is more than one time is stated in closing is that the defendant ruined Noelia's life destroyed her life ruined her life that really doesn't go to that's not part of the conspiracy ruining Noelia's life that's an extraneous statement solely decide to inflame the jury and the reason that defendant allegedly ruined Noelia's life is that he killed her son who was another drug dealer and during the you mean the testimony about the murders about about all the murders yeah and but but the murder testimony was it was the subject of very careful triage by the by the district court the government proffered as I understand that evidence of of six or seven murders the district court said it wouldn't allow that even without an objection again what amounted to a rule 403 balancing a knowledge that the murders were probative because they were in the course of the conspiracy and at the defendant's direction according to the witnesses I said limited the government not only to three murders but severely limited what the witnesses were able to say about those murders I think the court tried to limit what was said about the murder but was was fairly unsuccessful and what's interesting is that in fact the judge in effect function as defense counsel which should have made leading testimony you're testifying no you can't say that when the judge said that's the best the judge's credit that me that may be material to your ineffective assistance counsel claim but that claims not properly before us well I found submission that this is one of those rare instances where ineffective why is on its face do we do we know what was in defense counsel's mind when you didn't object well it's hard we don't know whether these decisions were strategic or whether there was there was some kind of battle plan and that's the reason why in in the United States against Mahler we we adopted this rule that we have these claims aren't raised below that except in in very unusual circumstances we're going to require that they be brought in the district court by 2255 petition I think this is one of those but and why because we said the exception is where the record is developed by that we mean where we can tell what the attorneys reasons were for doing what he did and we've got none of that in this record but there but there's no ostensible credible reason for the defense attorney for defense counsel not to have objected in many of these instances in most of these instances and not to object in in closing argument as to the confrontation clause issue as to the I submit issue as to Noel is ruining as to ruining Noel is life and sentencing there was no objection even though there was no this court has repeatedly said that it's a judge needs to in a conspiracy case needs to individualized determination there was none in this case was not at all the PSR you've reserved three minutes addressing the appellant's first issue which was the issue of government's rebuttal argument and the number of witnesses that were against the defendant as being an example of burden shifting this comment by the government was directly related to the defense's comment in its closing argument were stated there were suggested that there were only three witnesses against the defendant and that the jury could believe or not believe those are the jury should not believe those three witnesses that were against the defendant but even a statement that the jury in by the defense that the jury shouldn't believe the witnesses doesn't open the door for the prosecutor to say to state his personal belief in the credibility of the witness I completely do right and the prosecutor did say with respect to know earlier I submit to you that this witness is telling the truth well if that's a statement of the prosecutor's personal opinion it's improper and once again judge I do agree with you but first if I could address the issue of the number of witnesses and then I will get to know other statement I was the prosecutor in the case so I remember the statements that were made but specifically on page 34 of the transcript it does state there were 1718 witnesses and the response this is the rebuttal argument this is directly in response to defense's suggestion that there were only three witnesses against the defendant and that was the purpose of the government of me stating that there were numerous witnesses now whether the jury believe them or not once again in my both my closing and my times it's your jury to determine the credibility in fact if you look at the transcript I repeated that several times in both the closing and the rebuttal armistice jury can we get back to the statement I find problematic yes sir all right I mean no one's asking you any questions about them about referring to the number of witnesses if that was accurate or even approximately accurate that's not a problem all right what is a problem is saying to the jury that you think that this witness is credible if that's what you said well judge I disagree with the fellow with appellate counsel's interpretation I think that if you look at the record first of all I submit to the court that I use I submit too many times and in fact I believe the brief refers to I use the word I submit to you 22 times in my closing argument I think it's clearly that I was using that as a crutch and it's clearly evident that that was a preface to what I was about to say so the word I submit to you was merely a preface a preamble or maybe even a summary of the evidence that I just stated it's clear that when I argued about Noelia that I gave the reasons why I was submitting to them that she was truthful now it wasn't me personally Jose Masuko submitting to the jury they should believe me in fact once again I cite that the record is very clear I made it I made it clear to the jury that it wasn't what I said it wasn't how many times I raised my hands it wasn't how many times I pointed at the defendants table that should concern them the record is clear that immediately after this and prior to this I advised the jury that our statements in closing argument were just statements they weren't evidence and that the only evidence they were to concern themselves with was the evidence they heard from the witness stand and more more more interesting was I even told the jurors which appellant counsel thinks was improper I told the jurors that if they didn't believe any of the witnesses it was their duty to acquit the defendant I invited the jurors in my closing and my rebuttal to acquit the defendant and I in fact told them if they had reasonable doubt that they must acquit the defendant so certainly I was not concerned with what my opinion was when I used the words I submit once again had counsel objected to your using the term I submit to you that Noelia is telling the truth what would you have done we're here on it's a narrow review but suppose he had made an objection I once again I still do not think well if he had objected the standard would be different I have an appellate court telling you I submit that a witness is credible is a problematic statement I think it does raise the it does raise the eyebrow does raise the legal eyebrow and makes the but once again I think the standard makes requires that you look in the entire context of the use of that statement I think it's a close call and I think if there had been an objection that it would be a different analysis but once again I think the conclusion would still be the same but why do you think it's a close call when I I mean Miriam Webster defines submit as its first definition is to present or propose to another for review consideration or decision which is exactly what you were doing you were presenting to the jury for their review or consideration a proposition that's what you do in closing isn't it well I agree with you I agree with you in that sense but once again I can see the opponent's argument that hey I am interjecting my personal opinion into the into the closing I just don't think that the record itself substantiates that I think it's clear that what I was trying to do with my poor use of the English language was make emphasize the jury the points that that the United States felt that they should consider you know it's one of those things I I'm no stranger to the the fine art of imperfection and I certainly through doing these cases I learned you know what words are good and what words are not good to use in fact this court has told me what words are not good to use in closing arguments on occasion what I suggest to the court though is is that in this particular case use of the word I submit was not intended to interject my personal opinion and therefore was not improper the you know you don't have you don't have much time and would you go to the objection that's been raised that there was no individualized drug quantity determination here well once again I disagree with this in that I believe the evidence on the record clearly supported the amount of drugs that this conspiracy use no no but it's not a question of evidence on the record it's a question of whether the court district court made any determination not whether it could have made a determination whether it did so once again I will defer the argument in the brief on that but I would suggest to to the court that that one argument in your brief is that that statement is in the PSR and that he did not object to the PSR and therefore the judge was entitled to take that statement which is an implicit attribution of individual amounts well and I believe that essentially your honor that one there wasn't a clearly there was no objection but the PSR was taken directly from the record and the record clearly laid out quantities in which the judge could make her in what what what what did the pre-sentence report say did the in other words did the priest that the defendant is telling us that the pre-sentence report did nothing more than make a conspiracy-wide drug quantity finding well I do say it made a drug quantity attribution that the district court could adopt and I'm just confused as to which one of the well I think well your honor and and I agree had this been say another member of the conspiracy for example a member who was a seller for a certain but could you just try to answer that question yes what was the language that the PSI report used I do not have the PSR in front of me so so one once again I apologize for that that but I can maybe answer your question by by stating that this conspiracy was stabbed the defendant in this particular case is man Vasquez was the person who started the conspiracy and ended the conspiracy so he was a member he was the leader of the conspiracy for the entire time it's not like somebody who was in there for an intermittent time and so therefore you need to extrapolate two years as a drug seller for this person and three years as a runner or a courier it wasn't that nature in this in this case in this unique circumstance it's my Vasquez out howdy was the founder of the conspiracy and the conspiracy started and ended with him therefore all of the drugs he was the leader so all of the drugs that were sold during the life of him because he was the conspiracy it's it's either that's different and distinguishable from other members of so your proposition is that that when someone is in a leadership role in a conspiracy there is no need for the district court to make an individualized drug quantity determination no I disagree with that I think all right I think that in this particular case the witnesses established the amount of drugs one eighth of it I'm sorry one half of a kilogram of heroin per month 1.5 kilograms of crack per month for the duration of the conspiracy and and we also broke it down at specific times if you recall the testimony of mr. Roy mr. Roy but but you're saying you keep going back to the to the underlying proof but what you're saying is that because there was proof of how many drugs the conspiracy handled over a period of time that there is no need for an individualized drug quantity determination answer I I think it could be interpreted that way but I suggest to the court that by by evaluating the testimony you are answering the same question because it does make that calculation we would like a 28 J letter from you within one week after our argument as to what exactly the PSR said on this point thank and if your opponent has a different view he may also file a letter thank you and the PSR starts off by saying according to the information made available by the US Attorney's Office there was no individualized for you with the wrecking the PSR what was that trial was proved according to the US information made available by the US Attorney's Office a trial was proven at this drug trafficking organization involved over one kilogram of crack and heroin per month for over a period of over more than four years also the defendant was responsible for at least three murders and then it defendant was a leader of the organization since 1994 if only a four-year span is taken as a for at least 48 kilograms of crack and 48 kilograms of heroin so it does have language that the defendant was responsible that's individualized but that comes directly that doesn't come from an analysis which is required by this court it comes directly wait a minute the the the rule of law as I understand it is that at sentencing unobjected to statements of fact contained in a pre-sentence report are evidence that a district court may rely on at sentencing and the district court adopted the findings in this pre-sentence report and that finding it seems to me would include the statement you just read that the defendant was responsible for the problem with the findings in the PSR is that it wasn't made based upon the trial record it was made based on what the U.S. Attorney's Office told them and this court has said that you that when a value when a district court evaluates a drug conspiracy that it has to make an end of it the court has to make an individualized determination of the witnesses as to the as to whether they've proven the amount as opposed to the existence of the conspiracy and I just want to very briefly because I only have a minute left is to go back to the statement that was made with regard to the to the to the the vouching and the credibility on on that and if you take away the word submit then in this sentence you have and I ask you what she's telling the truth I submit to you that she was and you take away submit you now have and I ask you what she telling the truth she was so the submit suggesting taking away I submit the suggestion is that I submit means I propose and when you read that sentence substituting propose for submit it doesn't seem to be vouching at all and then it goes on to explaining as to why that is you've got to understand where she's coming from she's a 59 year old with a third-grade education who could barely sign her own name she could barely sign her own name and that's why she says the defendant destroyed her life but can't the prosecutor is going to be able to argue that the witnesses are credible I argue that those don't go to credibility the fact that she's a 59 year old woman with third-grade education doesn't go to her credit he's making the point that it's too complex a story for her to make up now that's not convincing to me but it's it's an argument and that and that she's telling the truth because the defendant destroyed her life that doesn't it doesn't make it doesn't parse it doesn't make sense well then your client benefited from an incoherent argument by the prosecution but it doesn't matter to me all right thank you thank you